1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN LAMONT WILLIAMS,                    No.  2:22-cv-02103 DB P

12                 Plaintiff,

13         v.                                     ORDER AND

14   MULE CREEK STATE PRISON, et al.,             FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17         Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. §

18   1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1). Plaintiff's complaint filed on December 22, 2022 (ECF No. 11) is before the court for

20   screening. The complaint fails to state a claim, but plaintiff will be granted leave to file an

21   amended complaint.

22         Plaintiff's request for reconsideration (ECF No. 14) and request to expedite (ECF No. 16)

23   are also before the court. The court construes these filings as requesting to renew the motion for

24   temporary restraining order and preliminary injunctive relief filed before this action was properly

25   commenced with the filing of a complaint. The court will grant, in part, these requests to the

26   extent that the court considers herein the merits of the renewed motion. However, preliminary

27   injunctive relief should be denied for the reasons set forth below.

28   ////

                                                    1

1

## I.      In Forma Pauperis

2      Plaintiff seeks to proceed in forma pauperis. (ECF No. 10.) Plaintiff's declaration makes

3  the showing required by 28 U.S.C. § 1915(a). The motion is granted.

4

## II.     Screening Requirement

5      The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

11  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

12  1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal

13  theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical

14  inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.

15  Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

17  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

18  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

19  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

20  sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give

21  the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.

22  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint

23  under this standard, the court accepts as true the allegations of the complaint and construes the

24  pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236

25  (1974).

26

## III.    Facts Alleged in the Complaint

27      The events underlying plaintiff's complaint took place at Mule Creek State Prison

28  ("MCSP"). On September 29, 2022, an unidentified defendant, John Doe, produced a report that

resulted in an investigation against plaintiff, Stephen Lamont Williams, and another inmate, S. Parrish.[1] (ECF No. 11 at 6.) As a result, plaintiff and Parrish were placed in Administrative Segregation ("ASU") and charged with conspiracy to introduce a controlled substance into the institution for the purpose of distribution. (Id.) Under the guise of a pending investigation, Defendant Capt. E. Hobbs conducted the initial ASU placement and denied plaintiff's request for procedural safeguards including the opportunity to request witnesses and to receive assignment of an Investigative Employee. (Id. at 6, 8.) Plaintiff was retained in ASU with elevated custody and classification status pending transfer to another facility. (Id. at 6-7.) As a result of being in ASU, plaintiff was unable to properly prepare for his parole hearing which resulted in an unsuitability denial. (Id. at 11.) Plaintiff was subsequently transferred to Kern Valley State Prison. (See ECF No. 15.)

## IV.    Screening of the Complaint

Plaintiff alleges that being held in ASU and suffering other adverse consequences without any official charges or a finding of guilt deprived him of his right to a fair and impartial hearing as well as his fundamental right to due process of law and equal protection. (ECF No. 11 at 8-9.) The allegations fail to state a claim.

### A.  Due Process

Certain procedural protections adhere when a state action implicates a prisoner's protected liberty interest in some "unexpected matter" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995). To state a claim for violation of the right to procedural due process, a plaintiff must generally allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

////

---

[1] Plaintiff's complaint purports to bring claims on behalf of himself as well as inmate S. Parrish, but an individual appearing pro se may not represent other individuals in federal court. Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997).

In alleging he was housed in ASU, subjected to an elevated custody and classification status, ordered to be transferred to another prison, and consequently rendered less suitable for parole, plaintiff fails to show he was deprived of a constitutionally protected liberty or property interest. See Sandin, 515 U.S. at 480 ("no liberty interest in freedom from state action taken 'within the sentence imposed,'" which includes the possibility of confinement in administrative segregation); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (no federal Constitutional right to be conditionally released before the expiration of a valid sentence). "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). The state may also change plaintiff's place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). The complaint lacks factual support for a conclusion that plaintiff was subjected to atypical and significant hardships in relation to the ordinary incidents of his prison life at MCSP or elsewhere.

The complaint does not allege any facts suggesting the challenged deprivations imposed the type of "atypical and significant hardship" required to invoke due process procedural safeguards. Merely concluding that atypical and significant hardships exist does not suffice to state a procedural due process claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).[2]

## B. Equal Protection

The Equal Protection Clause broadly requires the government to treat similarly situated people equally. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). To state a claim, a plaintiff must generally allege defendants acted with an intent or purpose to

---

[2] Nothing in the complaint suggests the deprivations plaintiff suffered were of the "conscience shocking" type that violates substantive due process. See County of Sacramento v. Lewis, 523 U.S. 833, 845-47 (1998).

4

discriminate against him based upon membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff does not allege discrimination based on his membership in a protected class. The complaint also lacks any facts demonstrating "intentional unlawful discrimination" or that are "at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam) (even a plaintiff seeking to proceed as a "class of one" must allege intentional, disparate treatment). Thus, the complaint fails to state an equal protection claim.

## V.       Plaintiff's Other Pending Requests (ECF Nos. 14, 16)

By order dated December 30, 2022, the undersigned found that the court could not consider plaintiff's application for injunctive relief in the absence of a properly filed complaint. (ECF No. 9.) Plaintiff's civil rights complaint was subsequently docketed. (ECF No. 11.)

On January 20, 2023, plaintiff filed a request for reconsideration of the denial of preliminary injunctive relief. (ECF No. 14.) On March 20, 2023, plaintiff filed a request styled as a request for "expedition of [plaintiff's] previously filed motion for an order to show cause." (ECF No. 16.) The court construes these requests as renewing the motion for temporary restraining order and preliminary injunctive relief after the filing of the complaint. To that extent, the court grants the requests and considers the merits of the renewed motion. However, preliminary injunctive relief is unwarranted.

## VI.      Renewed Motion for Preliminary Injunctive Relief (ECF No. 2)

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). In the alternative, under the so-called sliding scale approach, if the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, then a preliminary injunction may issue if serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36

(9th Cir. 2011). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Plaintiff's motion for a temporary restraining order and preliminary injunctive relief alleges plaintiff was being denied his opportunity to be heard and being punished without an official charge or finding of guilt. (ECF No. 2 at 4.) Any request for relief related to plaintiff's retention in ASU at MCSP is moot following his transfer from MCSP. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (transfer to another prison renders request for injunctive relief concerning prison conditions moot absent some evidence of an expectation of being transferred back).

Even if that were not the case, plaintiff fails to demonstrate that his transfer to another prison or retention in segregation would cause him to suffer irreparable harm. Conclusory statements are not sufficient to demonstrate irreparable harm or that the equities tip in plaintiff's favor. Finally, for the reasons set forth above in screening the compliant, the court is unable to determine plaintiff is likely to succeed on the merits of any claim or that serious questions go to the merits of any claim. Under the facts alleged, plaintiff cannot meet the standards to warrant preliminary injunctive relief.

To any extent plaintiff alleges he is suffering new deprivations of rights at his current facility, plaintiff is informed that the court cannot issue injunctive relief against persons who are not parties to this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

VII.   Conclusion, Order, and Recommendation

The complaint fails to state a cognizable claim. Because it is not absolutely clear plaintiff could not add no facts to state a cognizable constitutional violation, plaintiff is granted leave to file a first amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). A first amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th

6

Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

Plaintiff is cautioned that this opportunity to amend is not for the purpose of adding new claims against new defendants. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should focus efforts on curing the defects in the claims already presented in the original complaint to any extent they can be cured. If plaintiff cannot amend the complaint to allege a cognizable claim, or does not wish to pursue these claims further, then plaintiff may file a notice of voluntary dismissal, which will terminate this action without prejudice by operation of law.

In the further alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim.

In accordance with the above, IT IS ORDERED:

1. The Clerk's Office shall assign a district judge to this case.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

4. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

5. Within thirty days from the date of service of this order, plaintiff must file one of the following:

   a. A first amended complaint curing the deficiencies identified in this order;

   b. A notice of election to stand on the complaint as filed; or

   c. A notice of voluntary dismissal.

////

////

6. Plaintiff's request for reconsideration (ECF No. 14) and request to expedite (ECF No. 16) are granted, in part, to extent they are construed as requesting to renew plaintiff's motion for temporary restraining order and preliminary injunctive relief.

In addition, **IT IS HEREBY RECOMMENDED** that plaintiff's renewed motion for a temporary restraining order and preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

will2103.scrn.tro